UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. DURAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANDUJANO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  15-CV-2745-DMS (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[DOC. NO. 30]** |

### I.　　**INTRODUCTION**

　　This is a civil rights case under 42 U.S.C. § 1983 in which Plaintiff David B. Duran, an inmate currently housed at the California Rehabilitation Facility, is proceeding *pro se* and *in forma pauperis*.  On December 7, 2015, Plaintiff filed the instant Complaint, alleging that, while he was an inmate at the Regional Adult Detention Facility in Imperial County, California, the Defendant police officers served him with a search warrant to retrieve his DNA against his will.  (Doc. No. 1 at 4.)  Plaintiff claims that he was transported by Defendants to Brawley Memorial Hospital, where he was forcefully restrained despite his protests, and his blood was extracted against his will.  Id. at 4-8.

　　On July 25, 2016, Plaintiff filed a Motion for Appointment of Counsel.  (Doc. No. 30.)  That Motion is currently before the Court.

## II. APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled *en banc* on other grounds). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. Section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant "would be better served with the assistance of counsel." Rand, 113 F.3d at 1525; citing Wilborn, 789 F.2d at 1331. However, so long as a *pro se* litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

## III. DISCUSSION

To date, Plaintiff has filed his Complaint, and the Defendants have filed Answers. On June 28, 2016, the Court issued a Scheduling Order which initiated the discovery process. (Doc. No. 17.) At this stage of the litigation, the Court is unable to determine whether Plaintiff will succeed on the merits. The Court has read the Complaint, and finds

2

15-CV-2745-DMS (WVG)

1 that Plaintiff is able to articulate his claims *pro se,* and that the issues presented are not
2 particularly complex.  Thus, the exceptional circumstances which might require the
3 appointment of counsel do not exist.  Accordingly, the Court hereby **DENIES** Plaintiff's
4 motion for appointment of counsel **WITHOUT PREJUDICE**.

5 **IT IS SO ORDERED.**

6 Dated:  July 27, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge