1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11   DAVID B. DURAN,                     Case No.:  15-CV-2745-DMS-WVG
12                        Plaintiff,
                                         **REPORT AND**
13   v.                                  **RECOMMENDATION FOR ORDER**
                                         **GRANTING MOTION TO DISMISS**
14   OMAR MANDUJANO, ALFREDO             **FOR FAILURE TO STATE A CLAIM**
     HERNANDEZ, LUIS HERNANDEZ, and
15   JOHN SEAMAN,                        **[ECF No. 41]**
16                        Defendant.
17

18        Pending before the Court is a Motion to Dismiss ("Motion") Plaintiff David B.
19   Duran's ("Plaintiff") First Amended Complaint ("FAC") for failure to state a claim
20   pursuant to Federal Rule of Civil Produced 12(b)(6) filed by Defendants Omar Mandujano,
21   Alfredo Hernandez, Luis Hernandez, and John Seaman's (collectively "Defendants"). As
22   explained below, the Court **RECOMMENDS** the Motion be **GRANTED** in part with
23   leave to amend and **GRANTED** in part without leave to amend.
24                      **I. PROCEDURAL BACKGROUND**
25        Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights
26   Complaint pursuant to 42 U.S.C. § 1982 on December 7, 2015, alleging Defendants
27   violated his rights guaranteed under the Fourth and Eighth Amendments of the United
28   States Constitution. (Compl., ECF No. 1.) Plaintiff's causes of action arise out of a forced

1

blood draw that occurred on January 16, 2014. (Compl. 4:3-7.) Plaintiff alleges the following: (1) violations of Plaintiff's Fourth Amendment rights by executing an invalid search warrant; (2) excessive force was used when executing the search warrant in violation of the Fourth and Eighth Amendments; (3) mayhem; (4) assault and bodily injury; (5) mental and emotional distress; and (6) pain and suffering. (Compl. 3.) On June 8, 2016, Defendants Omar Mandujano, Alfredo Hernandez, and John Seaman each filed their respective Answers. (ECF Nos. 12-14.) On June 15, 2016, Defendant Luis Hernandez filed his Answer. (ECF No. 16.)

On August 2, 2016, Plaintiff filed a Motion to Amend along with documents he alleges are medical records showing injuries caused by Defendants. (ECF No. 33.) The Court granted this motion. (ECF No. 34.) Plaintiff filed another Motion to Amend on August 18, 2016. (ECF No. 37.) The Court granted the Motion, (ECF No. 37,) and deemed the original Complaint, (ECF No. 1,) the Motion to Amend, (ECF No. 33,) and its included documents collectively as Plaintiff's FAC.[1] (ECF No. 40.) The FAC does not allege any new claims.

On September 8, 2016, Defendants filed a Motion to Dismiss for Failure to State a Claim. (Mot., ECF No. 41.) In their Motion, Defendants request the Court consider three documents when issuing a ruling on the Motion. (Mot. 9:8-10-9.) Defendants argue the FAC should be dismissed for the following reasons: (1) the blood draw was authorized by a facially valid search warrant; (2) Plaintiff cannot recover under the Fourth Amendment because the blood draw was completed in a constitutionally valid manner; (3) the FAC does not specifically identify the actions of the individual defendants; (4) Plaintiff cannot recover on a due process theory; and (5) Plaintiff's state law claims are time barred. (Mot. 5:23-6:14.) Defendants also assert that Plaintiff should not be granted leave to amend as there is no possibility the FAC's deficiencies can be cured. (Mot. 6:14-15.)

---

[1] The Court will reference the FAC as a single document. However, references to information found in the original complaint will be cited to 'Compl.' and references to information found in the amended portion will be cited to 'FAC.'

2

Plaintiff filed an Opposition to Defendants' Motion on October 14, 2016. (Pl. Opp'n, ECF No. 57.) On October 18, 2016, Plaintiff filed a Supplemental Opposition to Defendants' Motion. (Pl. Sup. Opp'n, ECF No. 59.) On November 17, 2016, Defendants filed a Reply to Plaintiff's Opposition. (Def. Reply, ECF No. 60.)

## II. FACTUAL BACKGROUND

In his FAC, Plaintiff alleges that, while housed at the Regional Adult Detention Facility, he was served with a search warrant by defendants Mandujano and Hernandez on January 14, 2014. (Compl. 4:8-19.) The warrant ordered a law enforcement officer to "seize [Plaintiff] and take blood and or saliva samples sufficient for DNA [] comparison purposes using the least amount of force necessary." (*Id*. at 13.) On January 16, 2014, Plaintiff was transferred from the detention facility to a hospital in Brawley, California. (*Id*. at 4:26-5:2.) While being transported to the hospital, Plaintiff alleges he overheard defendant Mandujano make a phone call, alerting the hospital that Defendants were bringing Plaintiff in for a forced blood draw. (*Id*. at 5:7-10.)

While at the hospital, Plaintiff told Defendants his DNA was already on file with the California Department of Corrections, the "Clinca de Sulude," and the Imperial County Sheriff's Department. (*Id*. at 5:20-23.) Plaintiff alleges that he was escorted to a room where he was joined by Defendants, a phlebotomist, Plaintiff's attorney, and an unknown staff member of the hospital. (*Id*. at 6:20-7:10.) While in the room, Plaintiff claims to have been in full hand and foot restraints. (*Id*. at 7:28-8:2.) Plaintiff refused the blood draw. (*Id*. at 7:16-17.) Plaintiff alleges an unspecified defendant grabbed his arm and forced it down while defendant Mandujano grabbed Plaintiff by his "neck area." (*Id*. at 7:23-26.) Plaintiff alleges he was being choked during this process. (*Id*. at 7:27.) Next, Plaintiff alleges he was slammed down, and that all Defendants were on top of him, pressing their knees into his neck, back, legs, ankles, and arms. (*Id*. at 8:5-8.) Plaintiff was in pain, was panicking, and called out for help. (*Id*. at 8:9-11.) The phlebotomist punctured Plaintiff's arm three times while attempting to take a blood sample. (*Id*. at 8:12-14.) Plaintiff concedes this action was done "due to [his] resistment [sic]." (*Id*. at

15-CV-2745-DMS-WVG

8:15.)

Lastly, Plaintiff asserts his allegations can be corroborated by footage taken on body cameras worn by Defendants and a camera set up on a tripod in the room. (*Id*. at 8:25-28.)

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' ... it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint.

*Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleadings … [will] cure the deficiency." *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

Where, as here, a plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty. of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* Thus, at a minimum, even the *pro se* plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations and citation omitted).

The Court should grant a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation omitted). Before dismissing a complaint filed by a *pro se* plaintiff, a court must give some notice of the complaint's deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Nevertheless, when amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

/ / /

/ / /

15-CV-2745-DMS-WVG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV. <u>DISCUSSION</u>

## A. Judicial Notice/Doctrine of Incorporation

Before proceeding to the merits of the Motion, the Court first must determine whether certain records attached to and referenced in the FAC are judicially noticeable or acceptable for consideration under the doctrine of incorporation. Defendants have asked the Court to incorporate two items: (1) the search warrant; and (2) a video of the event. Defendants request that the Court take judicial notice of a letter advising Plaintiff that Plaintiff's administrative tort claim was being denied.

"Generally, a court may not consider material beyond the complaint in ruling on a [motion to dismiss]." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* A court may also consider materials "incorporated into the complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038, (9th Cir. 2010). The doctrine of incorporation by reference has been extended "to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.* However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.* A Court is not required to accept as true allegations that contradict exhibits attached to a complaint or matters properly subject to judicial notice. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010.)

### i. Search Warrant

Plaintiff attached a copy of the search warrant he claims is the source of Defendants authority to conduct the blood draw. (*See* Compl. at 13.) Plaintiff appears to use the language of the warrant in support of his claim of excessive force, claiming Defendants were to use "the least amount of force necessary to take" the blood sample. (Compl. 4:24-

26.) However, Plaintiff also appears to contest the validity of the warrant. Plaintiff states he has a "hard difficult [sic] feeling about the 'legitimate existance [sic]' of" an authorized warrant. (*Id*. at 4:20-21.) Plaintiff confirms this challenge in his Opposition. (Pl. Opp'n 10:13-28.)

Defendants argue that because Plaintiff has attached a copy of the warrant as an exhibit to the FAC, it can properly be considered in the present Motion. (Mot. 41-19:26-28.) Additionally, Defendants argue the warrant is improperly challenged in the present suit. (Def. Rply 4:12-13.)

The Court finds that consideration of the warrant for the present Motion to be appropriate without converting the motion to dismiss into a motion for summary judgment. First, the FAC relies in part on the warrant. Plaintiff highlights the language in the warrant requiring a minimal use of force as the bar that Defendants exceeded in his excessive force claim. Second, Plaintiff has attached the warrant to the FAC. Additionally, there is no question as to the warrant's authenticity as Plaintiff offers it as an exhibit in the FAC and Defendants do not challenge it. Moreover, the search warrant displays all of the indicia of authenticity by having a stamp of the superior court indicating the date the search warrant was filed, a signature of the deputy clerk, the signature of the judge of the superior court who authorized the search warrant, and the great seal of the state of California. Lastly, there are no disputes as to the relevance of the warrant. For these reasons, the Court finds the warrant to be appropriately considered without converting the motion to dismiss into a motion for summary judgment.

### ii. Video

Near the conclusion of the FAC, Plaintiff states that the video footage captured by a camera on a tri-pod at the scene of the blood draw will corroborate his allegations. (Compl. 8:25-28.) Plaintiff again references the video footage in his Opposition to Defendants' Motion as evidence that should have been reviewed by the district attorney and El Centro Police Department when adjudicating his administrative claim. (Pl. Opp'n 9:1-8.) Plaintiff then again references the video when addressing his civil rights claims. (*Id*. at 21:19-22.)

In Plaintiff's Supplemental Opposition, Plaintiff states he reviewed the video and "observed that the scene of incedent [sic] is'ent [sic] quite rapidly the way it happand [sic]!" (Pl. Sup. Opp'n 2:1-4). Plaintiff then states he believes the video was in some way modified or manipulated. (*Id*. at 2:8-9.)

Defendants argue the doctrine of incorporation by reference allows the Court to consider the video when ruling on the present motion without converting to a motion for summary judgment. (Mot. 9:21-23.) In response to Plaintiff's claim that the video, as submitted, is somehow altered, Defendants argue that "[m]erely stating [Plaintiff] remembers the incident differently is insufficient to contest the authenticity of the video footage," and directs the Court to *Scott v. Harris*, 550 U.S. 372 (2007) as authority on the matter.

The Court finds the video submitted by Defendants and referenced by Plaintiff in the FAC is not suitable for consideration without converting the present motion to a motion for summary judgment. The Court arrives at this conclusion because the binding law of this Circuit states that a Court may incorporate material by reference when its authenticity is not in dispute when ruling on a motion to dismiss. Here, Plaintiff has questioned the authenticity of the video as submitted by Defendants, stating the video appears to have been edited. The Court has reviewed the video a number of times and does not conclude the video was altered in anyway. However, this is a motion to dismiss and Plaintiff has raised the possibility that the video has been manipulated. While the speculative and conclusory statement, without more, may be seriously deficient to preclude consideration of the video on a motion for summary judgment or at trial, it is enough, albeit slight, to preclude its use and incorporation for the present motion.

Defendants' reliance on *Scott* is misplaced. In *Scott*, a high speed vehicle chase was captured on video. *Scott*, 550 U.S. at 378. The video footage capturing the high speed chase greatly contradicted the allegations made by the plaintiff. *Id*. at 379. "There [were] no allegations or indications that this videotape was doctored or altered" in any way. *Id*. at 378. In ruling on a motion for summary judgment, the district court adopted the allegations

8

made by the plaintiff and denied the motion. *Id.* at 375-76. The court of appeals affirmed the ruling. *Id.* The Supreme Court reversed, finding that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record … a court should not adopt [contradicted] version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 379. Defendants' reliance on this case fails for two reasons. First, *Scott* directed courts to examine video evidence that contradicts a party's pleadings when considering motions for summary judgment, not a motion to dismiss. Second, the video in *Scott* was not alleged to have been altered in some way, unlike the present case.

### iii. Claim and Rejection

Defendants request the Court take judicial notice of the Rejection of Claim, notifying Plaintiff the City of El Centro rejected his administrative claims. (ECF No. 41-3.) In this request, Defendants argue judicial notice is appropriate because the City of El Centro City Clerk's office maintains the service records, and that it cannot be reasonably disputed that the Rejection of Claim was completed and served on Plaintiff. (*Id.* at 2.) Defendants also request the Court take judicial notice of Plaintiff's claims. (Def. Reply, ECF No. 60-1.) The claims, as submitted, mirror the claims attached by Plaintiff to the FAC. The claims are dated February 24, 2014 and stamped received on March 3, 2014. (ECF No. 60-1 at4-5.) Defendants also provide an affidavit of Diane Caldwell, El Centro's City Clerk stating this is the sole claims form received from Plaintiff. (ECF No. 60-2.)

Plaintiff appears to argue the Rejection of Claim should not be judicially noticed. (Pl. Opp'n 9.) Plaintiff claims the notice submitted by Defendants is for a different issue than the events that occurred on January 16, 2014. (*Id.* at 9:17-21.) Plaintiff directs the Court to the claims forms he attached to the FAC. (*Id.*) These forms are dated February 24, 2014. (Compl. at 20, 28.)

The Court takes judicial notice of the Rejection of Claim and claims forms submitted by Defendants. The claims submitted by Plaintiff are nearly identical to the claims alleged in the FAC. The Rejection of Claim submitted by Defendants indicates that Plaintiff submitted a claim with the City of El Centro on March 3, 2014. (ECF No. 41-3 at 6.) This

corresponds with claim forms submitted by Defendants that shows Plaintiff's claim was received on March 3, 2014. While Plaintiff attempts to dispute this letter as one from a separate incident, Plaintiff fails to provide the Court with any information to substantiate this contention. Plaintiff simply states the Rejection of Claim provided by Defendants is from another incident. This is implausible on its face given the nearly identical claims asserted in the claims forms and the FAC, the corresponding dates, and the sworn affidavit provided by the El Centro City Clerk.

Based on this, the Court judicially notices the claim and Rejection of Claim submitted by Defendants because the Court has been "supplied with the necessary information" to do so. Fed. R. Evidence 201(C)(2); *see also Intri-Plex Technologies, Inc.*, 499 F.3d at 1052.

Having found only the search warrant acceptable for consideration through incorporation and judicially noticed the claims forms and Rejection of Claim, the Court proceeds to the merits of the Motion.

**B. § 1983 Claims**

**i. Applicable Law**

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42. U.S.C. § 1983), *superseded on other grounds by statute*, 42 C.F.R. § 430.0. To prevail on a claim for violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

/ / /

10

### ii. Unauthorized Search and Seizure

Plaintiff appears to question the validity of the warrant that was used to execute the blood draw. The Court construes this to be an alleged violation of Plaintiff's Fourth Amendment rights by Defendants for the execution of an invalid search warrant.

In challenging the warrant, Plaintiff states he is "haveing [sic] a hard difficult [sic] feeling about the 'legitimate existance' [sic] of such an authorization". (Compl. 4:20-23.) Plaintiff offers no other support for this claim in his FAC. This allegation is conclusory and lacks any supporting details. This allegation is a "naked assertion[] devoid of further factual enhancement", and thus, fails to state a facially plausible claim. *Iqbal*, 556 U.S. at 677.

In his Opposition, Plaintiff cites numerous state and federal cases regarding the sufficiency of a warrant. (Pl. Opp'n 10:27-11:19.) However, Plaintiff makes no argument and provides no further factual information to support his original claim. (*See id*. 10:13-11:19.)

Given this, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and Plaintiff's claim that Defendants violated his Fourth Amendment rights by executing an invalid search warrant be **DISMISSED** with leave to amend.

### iii. Excessive Force

Plaintiff alleges Defendants violated his Fourth and Eighth Amendment rights by using excessive force to obtain his DNA. In the FAC, Plaintiff claims Defendant Mandujano grabbed Plaintiff by the his "neck area," choked Plaintiff, and then Plaintiff was "slam[med] down." (Compl. 7:25-27, 8:4-5.) Plaintiff then alleges that Defendants collectively held Plaintiff down by placing their "knee-caps" on Plaintiff's neck, back, legs, and arms. (*Id*. at 8:6-8.) Plaintiff next alleges the phlebotomist then punctured Plaintiff's arm three times. (Id. at 8:12-15.) Plaintiff then concedes this was "due to my resistment [sic]." (*Id*. at 8:12-15.)

Plaintiff's own pleadings offer two possible explanations of what may have occurred, only one of which results in possible liability for Defendants: either (1)

15-CV-2745-DMS-WVG

Defendants used excessive force to obtain a DNA sample, notwithstanding Plaintiff's conceded resistance, or (2) Defendants used an appropriate amount of force to restrain Plaintiff based on Plaintiff's conceded resistance. In this situation, "something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render [Plaintiff's] allegations plausible" and not merely consistent. *Eclectic Props, E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014) (internal citation omitted).

In his Opposition, Plaintiff cites numerous state and federal cases and various portions of the California Vehicle Code as supporting law for his excessive force claim. (See Pl. Opp'n at 12-15.) However, Plaintiff offers nothing to cure the factual deficiencies of the FAC.

Plaintiff fails to allege "something more" to render his claims plausible. Plaintiff's allegations do not exclude the possibility that Defendants were not using excessive force given Plaintiff's self-stated resistance. Given this, Plaintiff fails to state a plausible § 1983 claim for excessive force against Defendants. Accordingly, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and Plaintiff's §1983 claim of Fourth and Eighth Amendment violations be **DISMISSED** with leave to amend.

### C. Assault, Battery, and Intentional Infliction of Emotional Distress

In claims four, and five, Plaintiff alleges claims of assault, bodily injury, and emotional distress. The Court construes Plaintiff's claim of bodily injury to be an allegation of battery. It is unclear whether Plaintiff is alleging a claim of intentional infliction of emotional distress or negligent infliction of emotional distress. In California, however, there is no independent tort of negligent infliction of emotional distress. *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993). The Court therefore construes Plaintiff's claim of mental and emotional distress as asserting a claim of intentional infliction of emotional distress. These claims are state law claims governed by California law.

Defendants argue that Plaintiff's state law claims are untimely, and as such must be

dismissed without leave to amend. (Mot. At 16-17.) Defendants aver that Plaintiff had six months from March 20, 2014, the date Plaintiff was served with the Rejection of Claim notice, to file his lawsuit. (*Id.* 16:13-21.) Plaintiff filed his claim on December 7, 2015, "approximately one year and nine months" after he was served with the Rejection of Claim notice, thus, Defendants argue, one year and three months past the allowable time to file such a lawsuit. (*Id.* at 16:22-28.)

California's Government Claims Act provides that a party seeking to recover money damages for personal injury from a public entity must submit a claim to the entity within six months after accrual. Cal. Gov. Code § 911.2; s*ee also City of Stockton v. Superior Court*, 171 P.3d 20, 25 (Cal. 2007). "No suit for money damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity and has been acted upon or has been deemed to have been rejected." *City of Stockton*, 171 P.3d at 25 (citing Cal. Gov. Code § 945.4.) A suit brought against a public entity must be filed within six months of the response from the public entity. Cal. Gov. Code § 945.6(a)(1). "The deadline for filing a lawsuit against a public entity, as set out in the [Government Claims Act], is a true statute of limitations defining" when a plaintiff must file a lawsuit for facts set out in a claim. *Shirk v. Vista Unified School Dist.*, 164 P.3d 630, 634 (Cal. 2007). Subject to exceptions not relevant here, "a cause of action against a public employee … for injury resulting from an act … in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred…" Cal. Gov. Code § 950.2.

Plaintiff submitted a claim against the El Centro Police Department on February 24, 2014. Plaintiff's claim was rejected on March 18, 2014 and the Rejection of Claim was served on Plaintiff on March 20, 2014. Based on this, Plaintiff had until September 22, 2014 to file his complaint. Plaintiff filed his Complaint on December 7, 2015, over 20 months after being served with the Rejection of Claim, well past the six months allowed by the statute of limitations. Thus, Plaintiff's complaint against the City of El Centro Police Department is time barred. Since Plaintiff's claim is time barred, his claim against

Defendants is also time barred. *See* Cal. Gov. Code § 950.2. Given this, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and the claims of assault, battery, and intentional infliction of emotional distress be **DISMISSED** without leave to amend.

### D. Mayhem

In claim two, Plaintiff alleges a claim of mayhem. However, mayhem is a criminal charge, not a civil claim for which relief can be granted. *See* Cal. Pen. Code § 203. Given this, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and claim two for mayhem be **DISMISSED** without leave to amend.

### E. Pain and Suffering

Plaintiff's sixth claim of "pain & suffering" is not a claim but rather is a form of damages. *See Beeman v. Burling*, 265 Cal.Rptr. 719, 727 (Cal. Ct. App. 1990). Given this, the Court **RECOMMENDS** these claims be **DISMISSED** without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. <u>CONCLUSION</u>

For the reasons set forth herein, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** in part with leave to amend and **GRANTED** in part without leave to amend.  This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than <u>**March 1, 2017**</u>, any party to this action may file written objections with the Court and serve a copy on all parties.  The document shall be captioned "Objections to Report and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS FURTHER ORDERED** no replies to objections will be accepted, and the motion will be deemed taken under submission on March 1, 2017.

**IT IS SO ORDERED**.

Dated:  January 31, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge