UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. DURAN,<br><br>                        Plaintiff,<br><br>v.<br><br>OMAR MANDUJO, et al,<br><br>                      Defendants. | Case No.:  15-CV-2745-DMS-WVG<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**[ECF No. 94]** |

Pending before the Court is a Motion to Dismiss ("Motion") Plaintiff David B. Duran's ("Plaintiff") Fourth Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Omar Mandujano, Alfredo Hernandez, Luis Hernandez, and John Seaman (collectively "Defendants"). As explained below, the Court **RECOMMENDS** the Motion be **GRANTED** with prejudice.

## I. BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on December 7, 2015, alleging Defendants violated his rights guaranteed under the Fourth and Eighth Amendments of the United States Constitution. (ECF No. 1.) On August 2, 2016, Plaintiff filed a Motion for Leave to

File an Amended Complaint in order to add two exhibits. (ECF No. 33.) The Court granted the motion and ordered Plaintiff to file his First Amended Complaint by September 2, 2016. (ECF No. 34.) On August 18, 2016, Plaintiff filed a Motion to Amend Document No. 33 by Permission of the Court, requesting the Court to construe his previous motion as his First Amended Complaint. (ECF No. 37.) On August 23, 2016, the Court granted the motion and deemed as the First Amended Complaint the complaint and the exhibits filed in the Motion for Leave to File an Amended Complaint. (ECF No. 40.)

On September 8, 2016, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (ECF No. 41.) On January 31, 2017, this Court filed a Report and Recommendation ("R&R"), recommending Defendants' motion be granted in part with leave to amend and granted in part without leave to amend. (R&R, ECF No. 64.) On March 2, 2017, the Honorable Dana M. Sabraw adopted the R&R, granted Defendants' motion, and dismissed Plaintiff's First Amended Complaint with leave to amend. (ECF No. 69.)

On April 7, 2017 Plaintiff filed a Second Amended complaint, followed by a Motion to Amend on April 11, 2017. (ECF Nos. 73, 76.) In his Motion, Plaintiff requested leave to amend in order to add newly identified defendants Larry Lewis[1] and Jonta Yancy. (ECF No. 76.) The motion was granted and on April 26, 2017, Plaintiff filed his Third Amended Complaint, naming defendants Lewis and Yancy but omitting defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman. (ECF No. 80.) Defendants filed duplicative motions for entry of judgment in favor of the unnamed defendants on April 27, 2017 and May 11, 2017, arguing their omission was tantamount to voluntary dismissal. (ECF Nos. 82, 86.) On May 10, 2017, the Court granted Plaintiff leave to file a Fourth Amended Complaint that includes "all allegations against all defendants in one document no later than June 15, 2017." (ECF No. 85 at 2:1-2.)

_____

[1] Erroneously sued as "Larry Louis" in both the motion, Third Amended Complaint, and the FAC. (*See* ECF No. 91 at 2:1-6.)

Plaintiff filed his Fourth Amended Complaint on May 19, 2017, naming as defendants Mandujano, A. Hernandez, L. Hernandez, Seaman, Lewis, and Yancy.[2] (ECF No. 89.) In the Fourth Amended Complaint, Plaintiff alleges the following: (1) violations of his Fourth Amendment rights through the execution of an invalid search warrant; (2) use of excessive force in executing the search warrant in violation of his Eighth Amendment rights; and (3) illegal search and seizure and cruel and unusual punishment in violation of the his Fourth and Eighth Amendment rights.[3] (ECF No. 89.)

On June 2, 2017, defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman filed a Motion to Dismiss for Failure to State a Claim. (Motion, ECF No. 94.) On July 13, 2017, Plaintiff filed a Response in Opposition to the motion.[4] (Pl. Opp'n., ECF No. 99.) Defendants' filed a Reply on August 11, 2017. (Reply, ECF No. 101.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] After receiving Plaintiff's Fourth Amended Complaint, naming Defendants that were omitted in the Third Amended Complaint, the Court denied Defendants' motions for an entry of judgment in their favor. (See ECF No. 90.)

[3] The third claim is directed at defendants Lewis and Yancy only. (FAC at 33.)

[4] Plaintiff added numerous additional facts and claims against Defendants in his Response. (*See* Pl. Opp'n at 11:23-13:25.) However, these facts and claims will not be considered in determining the present Motion. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("[N]ew allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (emphasis in original))

15-CV-2745-DMS-WVG

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id*. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id*. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleadings … [will] cure the deficiency." *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

Where, as here, a plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty. of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded."

4

*Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* Thus, at a minimum, even the *pro se* plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations and citation omitted).

The Court should grant a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation omitted). Before dismissing a complaint filed by a *pro se* plaintiff, a court must give some notice of the complaint's deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Nevertheless, when amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## III. <u>DISCUSSION</u>

### A. Judicial Notice

Defendants request the Court take judicial notice of Plaintiff's First Amended Complaint and its attached exhibits. (ECF No. 94-2.) The Court declines to do so.

"Generally, a court may not consider material beyond the complaint in ruling on a [motion to dismiss]." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted). A court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* "However, it is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quotation omitted); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (applying the same standard to a *pro se* prisoner's second amended complaint made pursuant to § 1983).

Had Plaintiff merely filed a Second Amended Complaint, the court would consider

the First Amended Complaint as non-existent. In the instant case, Petitioner has filed a *Fourth* Amended Complaint. Even were the Court to disregard Plaintiff's Third Amended Complaint as mistakenly filed, Plaintiff's First Amended Complaint is far superseded by subsequently filed complaints and the Court treats it as non-existent. Accordingly, the Court declines to judicially notice the First Amended Complaint and its exhibits.

### B. § 1983 Claims

In Plaintiff's FAC, he states the following claims against Defendants: (1) violations of his Fourth Amendment rights through the execution of an invalid search warrant; and (2) use of excessive force in executing the search warrant in violation of his Fourth and Eighth Amendment rights. (FAC at 4, 16.) Defendants argue the FAC should be dismissed, arguing Plaintiff fails to allege a single claim for relief because Plaintiff "fail[ed] to re-allege the factual allegations concerning the incident which is the subject of this lawsuit." (P&A at 8:16-17.)

### i. Applicable Law

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42. U.S.C. § 1983), *superseded on other grounds by statute*, 42 C.F.R. § 430.0. To prevail on a claim for violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

### ii. Invalid Search Warrant

Plaintiff appears to question the validity of a search warrant in his FAC. However, a thorough review of this claim reveals that it is almost entirely devoid of factual allegations.

Rather, the claim is merely excerpts of case law mixed with objections to this Court's previous R&R along with requests for explanation from both the Court and Defendants. Plaintiff simply states that "the warrant in question is flawed by defects, more th[a]n harmless error." (FAC at 7:1-3.) After block quoting a portion of a warrant that is attached as an exhibit and block quoting sections of California Vehicle Code, Plaintiff then states "[t]his was infact (sic) an unnecessary blood draw/DNA extraction." (FAC at 7:7-8:15.) However, these are nothing more than "legal conclusion[s]" and the Court need not accept them as true. *Iqbal*, 556 U.S. at 677. Plaintiff then appears to object to this Court's previous R&R. (FAC at 9:15-10:4.) Setting aside the legal conclusions and construing the FAC liberally, Plaintiff's claim does not even reach the point where it could be called a "naked assertion" as it is devoid of any facts. *Iqbal*, 556 U.S. at 677. Furthermore, the claim only mentions defendant Mandujano's name once, merely identifying him as a defendant, and does not mention defendants A. Hernandez, L. Hernandez, or Seaman at all. Thus, Plaintiff has failed to "allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones*, 733 F.2d at 649. Given this, the Court is unable to draw a "reasonable inference" that Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Accordingly, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and Plaintiff's claim that Defendants violated his Fourth Amendment rights by executing an invalid search warrant be **DISMISSED**.

### iii. Excessive Force

Plaintiff's second claim is for excessive force in violation of the Fourth and Eighth Amendments. (FAC at 16.) However, there is no factual description of any force, let alone excessive force, in the entire claim. Plaintiff also fails to name a single defendant and identify how any of the defendants engaged in any misconduct.[5] Similar to the first claim,

---

[5] The Court notes the claim contains the names of defendants Mandujano and Seaman but only in the context of a block quote of this Court's previous R&R. (*See* FAC at 18:14-18.) *See also Youngblood v.*

Plaintiff spends the majority of the claim for excessive force block quoting and objecting to this Court's previous R&R. Thus, Plaintiff has failed to "allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones*, 733 F.2d at 649. Given this, the Court is unable to draw a "reasonable inference" that Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Accordingly, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and Plaintiff's claim that Defendants violated his Fourth and Eighth Amendment rights by using excessive force be **DISMISSED**.

### C. Leave To Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitues "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the]

---

*People*, 2011 WL 5036995, at *1 (C.D. Cal. 2011) (a court need not consider references to previously filed complaints made in subsequent amended complaints.).

allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); *see also: Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Including the initial complaint, Plaintiff has now had *five* opportunities to state a claim for which relief could be granted. When recommending dismissal of Plaintiff's First Amended Complaint, this Court advised Plaintiff of the deficiencies of that complaint for his claims regarding the warrant and excessive force. (*See* R&R at 11:1-14, 11:19-12:7.) In the order adopting the first Report and Recommendation, the Honorable Dana M. Sabraw granted Plaintiff leave to file a second amended complaint and again advised Plaintiff to "cure[] the pleading deficiencies identified in the R&R." (ECF No. 69 at 2.) When this Court granted Plaintiff's request to file a Third Amended Complaint, Plaintiff was yet again advised the complaint "must specifically allege facts" and "precisely identify which cause(s) of action are brought against each person." (ECF No. 77.) Plaintiff failed to heed these warnings when filing his Third and now Fourth Amended Complaint. Plaintiff's repeated failure to cure deficiencies is a strong indication to the Court that Plaintiff has no additional facts to plead. Given this, the Court finds that any further attempts to amend would be futile. Accordingly, the Court **RECOMMENDS** that defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman be **DISMISSED** with prejudice. This Report and Recommendation is

submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **September 20, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS FURTHER ORDERED** no replies to objections will be accepted, and the motion will be deemed taken under submission on September 20, 2017.

**IT IS SO ORDERED**.

Dated: August 22, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

15-CV-2745-DMS-WVG