UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. DURAN,<br><br>                          Plaintiff,<br><br>v.<br><br>OMAR MANDUJO, et al<br><br>                          Defendants. | Case No.: 15-CV-2745-DMS-WVG<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**[Doc. No. 91]** |

Pending before the Court is a Motion to Dismiss Plaintiff David B. Duran's ("Plaintiff") Fourth Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Larry Lewis and Jonta Yancy (collectively "Defendants"). As explained below, the Court **RECOMMENDS** that the Motion be **GRANTED** with prejudice.

## I. BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on December 7, 2015, alleging Defendants violated his rights guaranteed under the Fourth and Eighth Amendments of the United States Constitution. (ECF No. 1.) On August 2, 2016, Plaintiff filed a Motion for Leave to File an Amended Complaint in order to add two exhibits. (ECF No. 33.) The Court granted

the motion and ordered Plaintiff to file his First Amended Complaint by September 2, 2016. (ECF No. 34.) On August 18, 2016, Plaintiff filed a Motion to Amend Document No. 33 by Permission of the Court, requesting the Court to construe his previous motion as his First Amended Complaint. (ECF No. 37.) On August 23, 2016, the Court granted the motion and deemed as the First Amended Complaint the complaint and the exhibits filed in the Motion for Leave to File an Amended Complaint. (ECF No. 40.)

On September 8, 2016, defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman filed a motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (ECF No. 41.) On January 31, 2017, this Court filed a Report and Recommendation ("R&R"), recommending the motion be granted in part with leave to amend and granted in part without leave to amend. (R&R, ECF No. 64.) On March 2, 2017, the Honorable Dana M. Sabraw adopted the R&R, granted the motion, and dismissed Plaintiff's First Amended Complaint with leave to amend. (ECF No. 69.)

On April 7, 2017 Plaintiff filed a Second Amended complaint, followed by a Motion to Amend on April 11, 2017. (ECF Nos. 73, 76.) In his Motion, Plaintiff requested leave to amend in order to add newly identified defendants Larry Lewis[1] and Jonta Yancy. (ECF No. 76.) The motion was granted and on April 26, 2017, Plaintiff filed his Third Amended Complaint, naming defendants Lewis and Yancy but omitting defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman. (ECF No. 80.) Defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman filed duplicative motions for entry of judgment in favor of the unnamed defendants on April 27, 2017 and May 11, 2017, arguing their omission was tantamount to voluntary dismissal. (ECF Nos. 82, 86.) On May 10, 2017, the Court granted Plaintiff leave to file a Fourth Amended Complaint that includes "all allegations against all defendants in one document no later than June 15, 2017." (ECF No. 85 at 2:1-2.)

---

[1] Defendant Lewis was erroneously sued as "Larry Louis." (*See* ECF No. 91 at 2:1-6.)

Plaintiff filed his Fourth Amended Complaint on May 19, 2017, naming as defendants Mandujano, A. Hernandez, L. Hernandez, Seaman, Lewis, and Yancy.[2] (FAC, ECF No. 89.) The FAC alleges defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman violated Plaintiff's Fourth Amendment rights through the execution of an invalid search warrant and use of excessive force in executing the search warrant in violation of his Eighth Amendment rights. The FAC alleges defendants Lewis and Yancy conducted an illegal search and seizure in violation of his Fourth Amendment Rights and violated Plaintiff's protection against cruel and unusual punishment in violation of the his Eighth Amendment rights.

On June 2, 2017, defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman filed a motion to dismiss the FAC. (ECF No. 94.) On August 22, this Court filed a R&R, recommending the motion be granted and defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman be dismissed with prejudice. (ECF No. 102.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[2] After receiving Plaintiff's Fourth Amended Complaint, naming all defendants, the Court denied defendants Mandujano, A. Hernandez, L. Hernandez, and Seaman's motion for an entry of judgment in their favor. (*See* ECF No. 90.)

will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id*. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id*. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleadings … [will] cure the deficiency." *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

Where, as here, a plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty. of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id*. Thus, at a minimum, even the *pro se*

plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations and citation omitted).

The Court should grant a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotation omitted). Before dismissing a complaint filed by a *pro se* plaintiff, a court must give some notice of the complaint's deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Nevertheless, when amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## IV. DISCUSSION

### A. Judicial Notice/Incorporation By Reference

Before proceeding to the merits of the Motion to Dismiss, the Court first must determine whether certain records attached to and referenced in the Motion to Dismiss are judicially noticeable or acceptable for consideration under the doctrine of incorporation. Defendants have asked the Court to incorporate the following items: (1) Superior Court of the State of California, County of Imperial, Search Warrant No. SW 2014-011, citing to the search warrant attached to Plaintiff's original complaint; (2) Statement of Facts Roster of Public Agencies Filings filed December 2013, 2014, and 2016, showing Pioneers Memorial Healthcare District is a public entity; and (3) Licenses from the State of California Department of Public Health, showing that Pioneers Memorial Healthcare District operates and maintains the general acute care hospital in Brawley, CA. (ECF No. 91 at 28-29.) Defendants also request the court judicially notice the fact that on and since January 16, 2014, Pioneer Memorial Healthcare District owned Pioneers Memorial Hospital. (ECF No. 91.)

"Generally, a court may not consider material beyond the complaint in ruling on a [motion to dismiss]." *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted). "However, a court may take judicial notice of

5

15-CV-2745-DMS-WVG

matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id*. A court may also consider materials "incorporated into the complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The doctrine of "incorporation by reference" has been extended to permit courts "to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id*.

### i. Search Warrant

Defendants request the Court take judicial notice of a search warrant attached to Plaintiff's original complaint. (ECF No. 91-2). However, since Plaintiff has filed amended complaints since the original complaint, the Court treats the latter as non-existent. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation omitted); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (applying the same standard to a pro se prisoner's second amended complaint made pursuant to § 1983). Given this, the Court declines to consider the warrant attached to Plaintiff's original complaint.[3]

### ii. Roster of Public Agencies Filing; Licenses from the State of California Department of Health; Ownership of Pioneers Memorial Hospital

Defendants attached to their motion three Statement of Facts Roster of Public Agencies Filings filed December 2013, 2014, and 2016, respectively. (Foote Decl., ECF No. 91-3, Exs. 1, 2, 3.) Defendants also attached licenses from the California Department of Health that certify Pioneers Memorial Healthcare District to operate and maintain the

---

[3] Plaintiff attached an incomplete version of the search warrant to his FAC lacking its essential attributes. This copy is missing pages and lacked the signature of the authorizing judge. If Defendants had requested the Court to take judicial notice of the search warrant attached to the FAC, the Court would have declined to do so for the simple reason that, on its face, the search warrant lacks trustworthiness given the missing information.

general acute care hospital in Brawley, California. (Foote Decl., Ex. 4.) The Court finds consideration of these filings and licenses for the present motion to be appropriate without converting the motion to dismiss into a motion for summary judgment. Both the Statement of Facts Roster of Public Agencies Filing and Licenses from the California Department of Health are undisputed matters of public record. The Public Agency Filings have been filed with California's Secretary of State, are accessible to the public, and are undisputed by Plaintiff. Similarly, the licenses issued by the California Department of Health are state government-issued documents whose authenticity are not reasonably disputed.

Finally, Defendants request that the Court take judicial notice of the fact that "since January 2014, Pioneers Memorial Hospital has been owned and operated by Pioneers Memorial Healthcare District, a public entity." (Mot. at 29:15-18.) Similar to the licensing, the Court finds consideration of this appropriate because this is a matter of public record that is not subject to reasonable dispute.

**B. § 1983 Claims**

Defendants argue Plaintiff's FAC should be dismissed because Plaintiff's FAC fails to comply with Federal Rule of Civil Procedure ("Rule") 8(a). Defendants further argue the FAC should be dismissed because Plaintiff cannot support any § 1983 claim against Defendants because: (1) *Respondeat Superior* claims are unavailable in § 1983 claims; (2) Plaintiff's claims are time barred; and (3) Plaintiff failed to comply with the California Government Claims Act.[4]

The FAC indicates Plaintiff underwent a blood draw pursuant to a search warrant. (*See e.g.*, FAC at 8:14-15, 9:15-19, 16, 17:12-15.) Plaintiff appears to allege Defendants

---

[4] Defendants make eight separate arguments for dismissal. While the arguments made by Defendants appear cogent, they also appear to rest on details contained in Plaintiff's First Amended Complaint, which the Court does not consider in deciding the present Motion. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation omitted); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (applying the same standard to a pro se prisoner's second amended complaint made pursuant to § 1983).

performed an illegal search and seizure and subjected Plaintiff to cruel and unusual punishment when conducting the blood draw. (FAC at 33:14-17, 34:6-13.)

### i. Applicable Law

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42. U.S.C. § 1983), *superseded on other grounds by statute*, 42 C.F.R. § 430.0. To prevail on a claim for the violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that a person acting under the color of state law committed the conduct at issue; and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity conferred by the Constitution or the laws of the United States. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that gave rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015).

### ii. Failure to Comply with Rule 8

Defendants argue Plaintiff has failed to comply with Rule 8(a) because the FAC is "vague and undetailed []." (Mot. at 14:17-22.) In response, Plaintiff simply states he "has made clear factual arguments, that are plaus[i]ble." (Opp'n at 19:10-11.)

The Court agrees with Defendants. A thorough review of the FAC reveals that it is almost entirely devoid of factual allegations. Rather, the FAC is merely excerpts of case law mixed with objections to this Court's previous R&R. Plaintiff simply states that defendant Lewis is being sued for an "illegal search and seizure of plaintiffs biological matter," insinuating that his DNA is already on file. (FAC at 33:15-17.) Plaintiff then states that defendant Lewis is liable as the "director" of Pioneer Memorial. (*Id*. at 34:10-13.) Plaintiff then claims defendant Yancy is guilty of assault for stabbing Plaintiff. (*Id*. at 35:7-9.) However, these are nothing more than "legal conclusion[s]" and the Court need not accept them as true. *Iqbal*, 556 U.S. at 677. Critically, the FAC does not even describe the event in which Plaintiff claims his rights were violated or where the event occurred.

Setting aside the legal conclusions and construing the FAC liberally, Plaintiff's claim does not even reach the point where it could be called a "naked assertion" as it is devoid of any supporting facts. *Iqbal*, 556 U.S. at 677. Thus, Plaintiff has failed to "allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones*, 733 F.2d at 649. Given this, the Court is unable to draw a "reasonable inference" that Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. Accordingly, the Court **RECOMMENDS** Defendants' Motion be **GRANTED** and Plaintiff's claim that Defendants violated his Fourth and Eighth Amendment rights be **DISMISSED**.

### iii. *Respondeat Superior* Claim

Defendants argue the FAC should be dismissed in regards to defendant Lewis because *respondeat superior* claims are unavailable in § 1983 claims. (Mot. at 14:26.) Plaintiff offers nothing in response to this argument in his Opposition.

Plaintiff claims Lewis is liable for violations of his Fourth and Eighth Amendment rights because he is the "director" of the Pioneer Memorial Hospital. (FAC at 33:9-13.) "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisor may be liable only if (1) he or she is personally involved, or (2) there is "'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (quoting *Hansen*, 885 F.2d at 646), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

Plaintiff has not claimed nor pled any facts that indicates Lewis was personally involved or causally connected to any wrongful conduct. Thus, Lewis is not liable as a supervisor. Accordingly, the Court **RECOMMENDS** the Motion be **GRANTED** and Plaintiff's claim that Lewis violated his Fourth and Eighth Amendment rights be **DISMISSED**.

### iv. California Government Claims Act

Defendants argue that Plaintiff fails to comply with the Government Claims Act because his complaint does not assert compliance with the Act. (Mot. At 24:21-26.) Defendant argues the Act is applicable here because Pioneer Memorial is a public entity and the alleged acts committed by Defendants were done during the scope of their employment. (*Id*. at 23:8-10, 25:16-20.) Plaintiff offers nothing in response to this argument in his Opposition.

California's Government Claims Act provides that a party seeking to recover money damages for personal injury from a public entity must submit a claim to the entity within six months after accrual. Cal. Gov. Code § 911.2; s*ee also City of Stockton v. Superior Court*, 171 P.3d 20, 25 (Cal. 2007). "No suit for money damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity and has been acted upon or has been deemed to have been rejected." *City of Stockton*, 171 P.3d at 25 (citing Cal. Gov. Code § 945.4.) A suit brought against a public entity must be filed within six months of the response from the public entity. Cal. Gov. Code § 945.6(a)(1). "The deadline for filing a lawsuit against a public entity, as set out in the [Government Claims Act], is a true statute of limitations defining" when a plaintiff must file a lawsuit for facts set out in a claim. *Shirk v. Vista Unified School Dist.*, 164 P.3d 630, 634 (Cal. 2007). Subject to exceptions not relevant here, "a cause of action against a public employee … for injury resulting from an act … in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred…" Cal. Gov. Code § 950.2. The claims presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act" and failure to meet this requirement subjects a claim to dismissal for failure to state a claim. *Mohsin v. Cal. Dep't of Water Res.*, 52 F.Supp.3d 1006, 1017-18 (E.D. Cal. 2014).

Section 911.2 applies because Pioneer Memorial Hospital is a public entity. Plaintiff's allegations are in regards to the acts of Defendants that occurred in the scope of their employment. However, Plaintiff's FAC makes no reference to this requirement and

presents no facts to indicate that the requirement was met. Thus, Plaintiff has omitted a necessary element of his claim. Accordingly, the Court **RECOMMENDS** the Motion be **GRANTED** and the FAC be **DISMISSED** for failing to plead compliance with the Act.[5]

### v. Statute Of Limitations

Defendants argue the FAC should be dismissed with prejudice because the complaints against Defendants were filed after the statute of limitations expired. (Mot. at 21:26.) Plaintiff offers nothing in response to this argument in his Opposition.

The closest Plaintiff comes to stating a cause of action against Yancy is the allegation that Yancy is "guilty of assault" for "stabbing" Plaintiff. (FAC at 35:7-9.) Additionally, Plaintiff appears to claim that Lewis is vicariously liable as the director or Pioneer Memorial Hospital. (*Id.* at 33:9-13.) Construing this as a claim for battery, even had Plaintiff sufficiently stated a battery claim against Defendants, which he has not, his claim would be barred under California Code of Civil Procedure ("CCP") section 340.5, which provides:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

*See also* Cal. Code Civ. Proc. § 340.5(1)-(2); *Larson v. UHS of Rancho Springs, Inc.*, 179 Cal. Rptr.3d 161, 172-73 (Cal. Ct. App 2014) (claim of intentional tort for battery construed as professional negligence where no allegation intentional tort committed for an ulterior

---

[5] As will be discussed immediately below, notwithstanding the comparatively shorter time frame in which to pursue a claim subject to the Government Claims Act, Plaintiff is still time barred in bringing suit against Defendants pursuant to California Code of Civil Procedure § 340.5.

purpose).[6]

Section 340.5 applies here because Yancy, a phlebotomist working at Pioneers Memorial Hospital, is a healthcare provider, and because Plaintiff alleges an injury based on Yancy's professional negligence – specifically, the drawing of blood.[7] Section 340.5 also applies to Lewis because vicarious liability is "wholly dependent upon or derived from the liability of the employee, [and] any substantive defense that is available to the employee inures to the benefit of the employer." *Lathrop v. Healthcare Partners Med. Grp*, 8 Cal.Rptr.3d 668, 675-76 (Cal. Ct. App. 2004).

A plaintiff has one year from the date an injury was discovered to bring suit. *Belton v. Bowers Ambulance Service*, 20 Cal.4th 928, 934-35 (Cal. 1999). In *Belton*, a prisoner claimed he was injured during transportation from prison to a hospital. *Id*. at 929-30. The Supreme Court of California held that because the plaintiff "discovered the injury on the day it occurred" he had one year from the date of injury to bring suit absent any tolling available. *Id*. at 930. Plaintiff alleges the incident in question took place on January 16, 2014. (FAC at 1.) Accordingly, he had until January 16, 2015 to file his complaint, absent possible tolling.

Tolling of the statute of limitations is governed by CCP § 352.1, which provides for tolling up to two years when a person is imprisoned at the time of the cause of action accrues. *See* Cal. Code Civ. Proc. § 352.1; *see also Hardin v. Straub*, 490 U.S. 536, 543-44 (1989) (finding state statutory tolling does not frustrate § 1983 goals); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997). Given this, Plaintiff is allowed a maximum of two additional years to file a complaint, up to the three-year maximum allowed under

---

[6] Section 1983 contains no specific statute of limitations, thus, for § 1983 claims, the courts will borrow the relevant state statute of limitations that would apply in a personal injury action. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. §1983 is the personal injury statute of limitations of the state in which the cause of action arose.").

[7] The phrase 'Health care provider' refers to any person licensed pursuant to Division 2 (commencing with Section 500) of the California Business and Professions Code. Cal. Code Civ. Proc. §340.5(1). *See also* Cal. Bus. & Prof. Code § 1246 (defining certified phlebotomist).

CCP § 340.5. *Belton*, 20 Cal.4th at 934-35 (finding § 352.1 allows for statutory tolling beyond the one-year limitation period but not longer than the three-year maximum permitted under § 340.5).

Allowing tolling pursuant to CCP 352.1, the statute of limitations would have been tolled for two years and expired on January 16, 2017. Because Plaintiff did not seek to amend his complaint to add new claims against new parties until April 11, 2017, Plaintiff's claims against Defendants are untimely. Accordingly, the Court **RECOMMENDS** Defendants Motion be **GRANTED** and the FAC be **DISMISSED** with **PREJUDICE**.

### C. Leave to Amend

Notwithstanding the Court's recommendation that Plaintiff's FAC be dismissed with prejudice as time barred, the Court further recommends the FAC be dismissed with prejudice in regards to Defendants' other arguments for the reasons articulated below.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the]

allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); *see also: Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Including the original complaint, Plaintiff has now had *five* opportunities to state a claim for which relief could be granted. When recommending dismissal of Plaintiff's First Amended Complaint, this Court advised Plaintiff of the deficiencies of that complaint for his claims regarding the warrant and excessive force. (*See* R&R at 11:1-14, 11:19-12:7.) In the order adopting the first Report and Recommendation, the Honorable Dana M. Sabraw granted Plaintiff leave to file a second amended complaint and again advised Plaintiff to "cure[] the pleading deficiencies identified in the R&R." (ECF No. 69 at 2.) When this Court granted Plaintiff's request to file a Third Amended Complaint, Plaintiff was yet again advised the complaint "must specifically allege facts" and "precisely identify which cause(s) of action are brought against each person." (ECF No. 77.)

Plaintiff failed to heed these warnings when filing his Third and now Fourth Amended Complaint. Notwithstanding the fact that defendants Yancy and Lewis were only added in the third amended complaint, Plaintiff was still advised of his requirement to plead all facts and how they relate to each defendant throughout this litigation. Had this been Plaintiff's original complaint, perhaps some latitude would be permitted to allow him to cure the noted deficiencies. But this is Plaintiff's fifth attempt and there appears to be no interest or effort by Plaintiff to provide even a minimally sufficient pleading despite repeated admonitions from the Court. Notwithstanding Plaintiff's statute of limitation problems, his repeated failure to cure deficiencies is a strong indication to the Court that Plaintiff has no additional facts to plead. Given this, the Court finds that any further

attempts to amend would be futile. Accordingly, the Court **RECOMMENDS** the FAC be dismissed **WITH PREJUDICE**.

## V. **CONCLUSION**

For the reasons set forth herein, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's FAC be **DISMISSED** with **PREJUDICE**. This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **September 29, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS FURTHER ORDERED** no replies to objections will be accepted, and the motion will be deemed taken under submission on September 29, 2017.

**IT IS SO ORDERED**.

Dated: August 31, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge